UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,

　　　　　　　　　　　　　　　Petitioners,

-against-

DFB SALES INC.,

　　　　　　　　　　　　　　　Respondent.

---

20 CV _____

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the North Atlantic States Regional Council of Carpenters ("Union") and DFB Sales Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

1

## THE PARTIES

4. Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5. Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6. Respondent is a corporation incorporated under the laws of the State of New York and conducting business within the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 21-07 Borden Avenue, Long Island City, New York 11101.

## THE ARBITRATION AWARD

7. At all relevant times, Respondent has been bound to a collective bargaining agreement with the Union or a predecessor thereto.

8. Between April 2001 and February 2004, Respondent executed a series of compliance forms acknowledging the existence of a collective bargaining agreement with the

Union, or various predecessors thereto. Copies of Respondent's Compliance Forms are collectively annexed hereto as **Exhibit A**.

9. In December 2001, Respondent also entered into a collective bargaining agreement covering May 1, 2001 through April 30, 2004 ("2001-04 CBA"). A copy of the 2001-04 CBA is annexed hereto as **Exhibit B**.

10. In April 2002, Respondent also entered into a collective bargaining agreement covering July 2000 through April 2004 ("2000-04 CBA"). A copy of the 2000-04 CBA is annexed hereto as **Exhibit C**.

11. The 2000-04 CBA and the 2001-04 CBA provide that they shall remain in full force and effect unless notice is provided in compliance with the provisions of the agreement to terminate or modify. *See* Exhibit B, Art. 28; Exhibit C, Art. XXI.

12. Pursuant to the Compliance Forms, Respondent agreed to be bound to the terms and conditions of the collective bargaining agreements with the employer associations including the collective bargaining agreements covering the periods May 1, 2004 through April 30, 2007 ("2004-07 CBA"), May 1, 2007 through April 30, 2010 ("2007-10 CBA"), May 1, 2010 through April 30, 2011 ("2010-11 CBA"), July 1, 2011 through May 31, 2016 ("2011-16 CBA"), July 1, 2016 through April 30, 2019 ("2016-19 CBA"), and May 1, 2019 through April 30, 2022 ("2019-22 CBA"). A copy of the 2004-07 CBA, 2007-10 CBA, 2010-11 CBA, 2011-16 CBA, 2016-19 CBA, and 2019-22 CBA (collectively the "CBAs") are annexed hereto as **Exhibit D**, **Exhibit E**, **Exhibit F**, **Exhibit G**, **Exhibit H**, and **Exhibit I** respectively.

13. The CBAs provide that the agreement "shall remain in effect…and shall continue thereafter from year to year unless either party notifies the other party in writing…that either party

desires to modify" the agreement.  *See* Ex. H, Art. Thirty-Seven; *see also* Ex. D, § 28; Ex. E, § 28; Ex. F, § 28; Ex. G, Art. 33; Ex. I, Art. 38.

14. The CBAs requires Respondent, *inter alia*, to make contributions to the funds for all work within the trade and geographical jurisdiction of the Union ("Covered Work").  *See* Ex. H, Art. 16; *see also* Ex. D, § 10; Ex. E, § 10; Ex. F, § 10; Ex. G, Art. 16; Ex. I, Art. 16.

15. The CBAs further provide that in the event the Employer does not make the required contributions "the Employer [shall] liable for all contributions due, all collection costs including auditing and attorney fees, 20% of total due each Fund as liquidated damages, plus interest."  *See* Ex. H, Art. 16; *see also* Ex. D, § 13; Ex. E, § 13; Ex. F, § 13; Ex. G, §16, Section (b); Ex. I, Art. 16, Section (b).

16. The CBAs further provide, that "the Employer shall be bound by and shall comply with the agreements, declarations of trust plans and/or regulations of the fringe benefit funds" *See* Ex. H, Art. 16, Section (a); *see also* Ex. D, § 10; Ex. E, § 10; Ex. F, § 10; Ex. G, Art. 16, Section (a); Ex. I, Art. 16, Section (a).

17. The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy").  A copy of the Collection Policy is annexed hereto as **Exhibit J**.

18. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded.  Ex. J, Art. 2.1(D).

19. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced and/or arbitration is demanded.  The amount of the liquidated damages shall be 20% of the delinquent Contributions."  Ex. J, Art. 6.1.

20. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Ex. J, Art. 2.3(A).

21. The Collection Policy states that, in the event an employer fails to provide remittance reports, weekly payroll reports, or other reports of work, the "Fund Office will compute the estimated amount of contributions due by assuming that the hours for which the employer is obligated to contribute for each week in the unreported month equal the highest number of average hours for which the employer was obligated to contribute in a week for any four consecutive weeks within the 36 months immediately preceding the unreported month. A determination under this paragraph shall constitute presumptive evidence of delinquency." Ex. J, Art. 3.2.

22. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs and arbitration fees. Ex. J, Art. 6.3.

23. A dispute arose when, in violation of the CBA, Respondent failed to remit contributions for November 2018 of $2,264.64 and reports and contributions for December 2018 and January through February 2019.

24. Pursuant to the Collection Policy, Petitioners determined that Respondent owed an estimated principal deficiency $5,823.36 for December 2018 and January through February 2019.

25. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the March 4, 2019 Notice of Intent to Arbitrate Delinquency is annexed hereto as **Exhibit K**.

26. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated March 30, 2019, determined said dispute (the "Award"). A copy of the Award is annexed hereto as **Exhibit L**.

27. The arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $11,062.50 covering the period of November 1, 2018 through February 28, 2019, consisting of delinquent contributions and estimated contributions in the amount of $8,088, interest thereon of $95.12, liquidated damages of $1,229.38, attorneys' fees of $900 plus interest on the attorneys' fees at the rate of 10% from the date of the Award, and the arbitrator's fee of $750 pursuant to the CBAs.

28. On April 5, 2019, the Funds' counsel sent Respondent a demand letter providing a copy of the Award and advised Respondent that legal proceedings may be instituted upon Respondent's failure to comply. A copy of the April 5, 2019 demand letter is annexed hereto as **Exhibit M**.

29. Respondent has failed to abide by the Award.

30. The Award has not been vacated or modified and no application for such relief is currently pending.

31. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

32. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and the CBA and Collection Policy. *See* Ex. D, § 13; Ex. E, § 13; Ex. F, § 13; Ex. G, §16, Section (b); Ex. H, Art. 16; Ex. I, Art. 16, Section (b); *see also* Ex. J, Art. VI; *see also* Ex. L ¶ 8.

33. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit N**.

34. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and a partner at V&A. I joined V&A in 2015 as an associate. I have regularly served as lead counsel for multiemployer benefit plans in ERISA litigation since joining V&A. V&A billed my time at a rate of $300 per hour in 2019 and a rate of $350 per hour in 2020.

35. Andrew Federico ("AF" in the accompanying billing records), is a 2018 graduate of Hofstra University School of Law, and is a former Associate at V&A. During his time at V&A, Mr. Federico's primary practice area was ERISA litigation. V&A billed Mr. Federico's time at a rate of $225.

36. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

37. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

38. V&A's total billings in this matter amount to $2,307.50 reflecting 8.6 hours of work. *See* Ex. N.

39. In addition, V&A will also advance $470 in court filing and service fees upon the filing of the instant petition.

40. Accordingly, Petitioners are entitled to recover $2,777.50 in attorneys' fees and costs incurred in connection with this matter.

41. A Proposed Judgment is attached hereto as **Exhibit O**.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Awards in all respects;

2. Award judgment in favor of Petitioners and against Respondent in the amount of $11,062.50 pursuant to the Award plus interest from the date of the Award through the date of judgment;

3. Award judgment in favor of the Petitioners and against Respondent in the amount of $2,777.50 in attorneys' fees and costs arising out of this petition; and

4. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York
March 3, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/
Nicole Marimon, Esq.
40 Broad Street 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
*Attorneys for Petitioners*